IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Ralph Leroy Erwin, ) | |
| ) | Civil Action No. 6:16-cv-01081-RBH-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| South Carolina Department of ) | |
| Probation, Parole and Pardon ) | |
| Services; State of South Carolina; ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

## **BACKGROUND**

The plaintiff alleges that, in 1961, he pled guilty to murder and was sentenced to life imprisonment with the right to parole in the Court of General Sessions for York County, South Carolina (doc. 1 at 4). The plaintiff contends that, at the time he was sentenced, a life sentence was treated as a thirty year sentence; he states that he should have been eligible for parole after 10 years imprisonment and that his parole should have ended 30 years after his conviction (*id.*). Because the plaintiff remains on parole more than 30 years after he was sentenced, he asserts that he is being falsely imprisoned (*id*. at 6).

The plaintiff seeks $10,000,000 in damages; a return of the money he has paid while on parole; and a return of $400 he paid to the parole board for psychological testing (*id*. at 8).

## **DISCUSSION**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

This action is subject to summary dismissal because it seeks monetary relief from defendants that are immune from such relief. 28 U.S.C. § 1915(e)(2). The Eleventh Amendment grants the State of South Carolina, and its agents and instrumentalities, immunity from suit in this federal Court. "[W]e have understood the Eleventh Amendment to confirm the structural understanding that States entered the Union with their sovereign immunity intact . . . .'" *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.,* at 253–54 (citations omitted). The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Id.*, at 276 n.1. *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (recognizing that, although express

2

language of Eleventh Amendment only forbids suits by citizens of other States against a State, the Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State Sch. & Hosp.*, a State must expressly consent to suit in a federal district court, which South Carolina has not done. *See* S.C. Code Ann. § 15-78-20(e) (1976) (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Accordingly, the State of South Carolina and the South Carolina Department of Probation, Parole and Pardon Services, a state agency, *see Muldrow v. S.C. Dep't. of Prob.*, 2013 WL 2635766, at *4 (D.S.C. June 12, 2013), should be dismissed based upon Eleventh Amendment immunity.[1]

## RECOMMENDATION

It is recommended that the District Court dismiss this action *without prejudice*. The plaintiff's attention is directed to the important notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

June 6, 2016
Greenville, South Carolina

---

[1] Further, the Supreme Court has held that in order to recover damages for imprisonment in violation of the United States Constitution, the imprisonment must first be successfully challenged. *Heck v. Humphrey*, 512 U.S. 477 (1994); *see Edwards v. Balisock*, 520 U.S. 641 (1997) (holding that the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies that necessarily imply the invalidity of the judgement). Here, the plaintiff states that he pled guilty to his State charge, and he has not shown that his conviction has been overturned or otherwise impugned. Thus, a favorable determination on the merits of the plaintiff's § 1983 claim would require a finding that his detention is invalid; accordingly, his claim is barred under *Heck*.

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).