UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Ralph Leroy Erwin, ) | Civil Action No.: 6:16-cv-01081-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| South Carolina Department of Probation, ) | |
| Parole and Pardon Services; State of South ) | |
| Carolina; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Ralph Leroy Erwin, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act against the South Carolina Department of Probation, Parole and Pardon Services and the State of South Carolina. [ECF #1]. Plaintiff alleges that Defendants violated his due process rights by unlawfully detaining him in violation of the South Carolina Tort Claims Act (the "Tort Claims Act").

This matter is before this Court with the Report and Recommendation [ECF# 18] of Magistrate Judge Kevin F. McDonald filed on June 6, 2016. This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e). The Magistrate Judge recommended that the case be dismissed without prejudice based on *Heck v. Humphrey*, 512 U.S. 477 (1994) and the Eleventh Amendment of the United States Constitution, which affords state actors immunity. Plaintiff timely filed Objections [ECF#20] to the Magistrate Judge's Report and Recommendation.

1

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*

**Discussion**

In 1961, Plaintiff pled guilty to murder and was sentenced in the Court of General Sessions for York County, South Carolina to life imprisonment with the possibility of parole. [ECF #1, p. 4]. Plaintiff alleges that at the time he was sentenced, a life sentence was considered an "indeterminate sentence" but was generally treated as a thirty (30) year sentence. [ECF #1, p. 4]. Plaintiff further alleges that an individual receiving a life sentence was eligible for parole after serving ten (10) years

of his sentence, and that his parole should have ended thirty (30) years after his conviction. [ECF #1, p. 4]. Plaintiff contends that because he remains on parole more than thirty (30) years after he received his sentence, the provisions of his parole are unconstitutional, and he is being falsely imprisoned in violation of the South Carolina Tort Claims Act. [ECF #1, pp. 6-7]. Plaintiff seeks $10,000,000 in damages, a return of the money he has paid while he has been on parole, and the return of $400 he alleges he paid to the parole board for psychological testing. [ECF #1, p. 8].

The Magistrate Judge recommends summary dismissal of Plaintiff's complaint for the following reasons: (1) the Eleventh Amendment grants the State of South Carolina and its agents and instrumentalities, immunity from suit in federal court; and (2) Plaintiff's allegations inferring that there are procedural deficiencies to his guilty plead are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).[1] Plaintiff raises an objection to the Magistrate Judge's recommendation in the Report and Recommendation (the "R&R") of dismissal pursuant to the Eleventh Amendment.

Plaintiff objects to summary dismissal because he alleges that Eleventh Amendment immunity does not apply to cases brought pursuant to the South Carolina Tort Claims Act. [ECF #20, p. 2]. Plaintiff contends that, pursuant to *Clark v. S.C. Dept. of Public Safety*, 353 S.C. 291, 578 S.E.2d 16 (S.C. App. 2002), various state actors in his case violated the Tort Claims Act because in order to establish discretionary immunity, governmental entities are required to prove that these entities "actually weighed competing considerations and made a conscious choice" regarding their treatment of Plaintiff. *See Clark*, 353 S.C. at 304 (discussing discretionary immunity under the Tort Claims Act). Plaintiff sets forth what he contends are the established elements for his false imprisonment claim, as well. [ECF #20,

---

[1] *Heck v. Humphrey* holds that in order to recover damages for imprisonment in violation of the United States Constitution, the imprisonment must first be successfully challenged. 512 U.S. 477 (1994).

3

p. 3]. However, it does not appear that in establishing these elements, he is making a separate, specific objection to any recommendations in the R&R.

The Magistrate Judge correctly maintains that the State of South Carolina and the South Carolina Department of Probation, Parole and Pardon Services are state agencies. *See Muldrow v. S.C. Dept. of Prob.*, No. 4:12-cv-02435, 2013 WL 2635766 (D.S.C. June 12, 2013). The Eleventh Amendment bars suits in federal court against states by citizens of other countries and other states. U.S. Const. amend XI. The Supreme Court later extended this immunity in cases, such as here, where citizens sue their own state. *Hans v. Louisiana*, 134 U.S. 1 (1890). Under the Eleventh Amendment, a federal court has jurisdiction to hear a claim against a state, the state's agencies, and state employees acting within their official capacity, only to the extend that either the state expressly waives immunity or Congress abrogates immunity. *Smith v. Ozmint*, 394 F. Supp. 2d 787, 791 (2005). The Tort Claims Act does not bar the doctrine of immunity or otherwise establish a waiver of immunity from suit in this court. Suits brought under the Tort Claims Act must be brought in a state court within the boundaries of South Carolina. *Id.* A lawsuit brought under the Tort Claims Act is the exclusive remedy for a tort committed by an employee of South Carolina. *Id.* The Tort Claims Act specifically provides: "[n]othing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States nor as consent to be sued in any state court beyond the boundaries of the State of South Carolina." S.C. CODE ANN. § 15-78-20(e). Thus, while the Tort Claims Act waives immunity in state court for certain tort claims, the Tort Claims Act expressly reserves Eleventh Amendment immunity for actions brought in federal court. *Ozmint*, 394 F. Supp. 2d at 791. Thus, unless specifically waived by Defendants, Eleventh Amendment bars Plaintiff's state law tort claims against Defendants in this court. The Defendants in this case have

not specifically waived immunity as to Plaintiff's claims. Accordingly, Plaintiff's first objection is overruled.

Plaintiff generally alleges that it is improper to restrain someone without legal justification. [ECF #20, p. 4]. He further contends that when he was sentenced, the law was such that he should only be on parole for thirty years. [ECF #20, p. 4]. These allegations go to the merits of his claim and are not otherwise considered at the summary dismissal stage. To the extent Plaintiff attempts to argue that the state actors waived their immunity based on these facts, this objection is overruled.

Plaintiff did not make a specific objection to the Magistrate Judge's recommendation that *Heck v. Humphrey* also bars his claim. However, to the extent he is seeking a review of his sentence or that his sentence is somehow unconstitutional, this objection is overruled. In *Heck v. Humphrey*, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. If the district court answers the question in the affirmative, then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* The Magistrate Judge determined that Plaintiff's complaint alleged facts which could be construed to suggest Plaintiff has been subjected to an invalid sentence. [ECF #18, p. 3]. In his complaint, Plaintiff contends that he was sentenced pursuant to a guilty plea. He further contends that he should no longer be on parole, and the fact that he remains on parole is the basis of his false imprisonment claim. A favorable determination on the merits of Plaintiff's complaint would necessarily require a finding that his detention is invalid. He has not shown that his conviction has been overturned. This Court therefore agrees with the Magistrate Judge's recommendation that his claim is barred pursuant to *Heck v. Humphrey*.

**Conclusion**

For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections and adopts and incorporates the Report and Recommendation of the Magistrate Judge herein by reference. Plaintiff's complaint is hereby **DISMISSED without prejudice and without issuance and service of process.**

**IT IS SO ORDERED**.


July 22, 2016                                                                                                s/ R. Bryan Harwell
Florence, South Carolina                                                                        R. Bryan Harwell
                                                                                                                  United States District Judge